**Jacques LOUSSIER, Plaintiff,**

v.

**UNIVERSAL MUSIC GROUP, INC., Interscope Records, Inc., Interscope Records, L.L.C., Marshall Mathers p/k/a Eminem, Andre Young, p/k/a Dr. Dre, Defendants.**

No. 02Civ.2447(KMW)(RLE).

United States District Court,
S.D. New York.

April 22, 2003.

Martin Garbus, Davis & Gilbert LLP, David Y. Atlas, Frankfurt, Garbus, Kurnit, Klein & Selz, PC, New York, NY, for Jacques Loussier.

Michael T. Mervis, Proskauer, Rose, LLP, New York, NY, for Universal Music Group, Inc., Interscope Records, Inc., Interscope Records, LLC, Marshall Mathers PKA Eminem, Andre Young PKA, Dr. Dre.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is a motion by plaintiff Jacques Loussier ("Loussier") to reconsider this Court's Opinion and Order, dated April 10, 2003, denying his motion to compel discovery of any complaints and cease and desist letters and the disposition of those claims against Dr. Dre for copyright infringement. For the following reasons, the plaintiff's motion for reconsideration is **DENIED**.

### II. DISCUSSION

Loussier contends that "[t]he *only* trial at which plaintiff intends to present evidence of other copyright infringement claims against Mr. Young is at the first trial." *See* Letter for Reconsideration dated April 18, 2003 ("Letter") at 1. Plaintiff's trial strategy, however, does not change the nature of the evidence sought. Evidence of a defendant's willful behavior in a copyright infringement case goes towards damages and not liability. *See Lipton v. The Nature Company*, 71 F.3d 464, 469 (2d Cir.1995). To the extent Loussier suggests that this Court has misinterpreted the bifurcation order in this case, the Court disagrees. The Order reads, "the parties have agreed to first try liability and 'apportionment' ... [a]fter this trial, the parties will conduct, if necessary, additional damages discovery and have a second trial on damages." *See* Letter from Sarah Edelman dated March 27, 2003,

memorandum endorsed March 31, 2003. It is clear from this language that, whatever trial strategy Loussier may have, discovery is now being conducted on the issue of liability, and discovery relating to damages will be conducted subsequent to the liability trial. To the extent that Loussier intends to ask the jury during the liability phase of the trial about willfulness, he has not indicated how such a question would be relevant in determining liability. Therefore, Loussier's motion for reconsideration is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED**.